FILED
SUPERIOR COURT
OF GUAM

2021 MAR -2 PM 1:54

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CM0097-12 |
| | GPD Report No. 09-07141 |
| v. | |
| | DECISION AND ORDER |
| MARCELINO YSAOL, | DENYING DEFENDANT'S |
| DOB: 04/06/1963 | MOTION TO DISMISS |
| | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 20, 2021 for hearing on Defendant Marcelino Ysaol's ("Defendant's") Motion to Dismiss ("Motion"). Assistant Attorney General Jessica Lee represents the People, and Assistant Public Defender Earl Anthony V. Espiritu represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** the Defendant's Motion.

## BACKGROUND

The Guam Police Department arrested Defendant on March 14, 2009. (Complaint, Jan. 25, 2012). The Government then filed a criminal complaint, charging Defendant with Driving While Under the Influence of Alcohol (as a Misdemeanor) and Driving While Under the Influence of Alcohol (BAC) (as a Misdemeanor) on January 25, 2012. Id. A breath test revealed Defendant had a BAC of 0.213 at time of his arrest. Id.

On March 7, 2012, the Court held an arraignment, at which Defendant was not present. (Min. Entry, Mar. 7, 2012). The Court subsequently issued a Bench Warrant for Defendant's failure to appear at the hearing. (Bench Warrant, Mar. 7, 2012). No further action took place on

Decision and Order Denying Defendant's Motion to Dismiss
CM0097-12, *People of Guam v. Marcelino Ysaol*
Page 1 of 4

this case until February 21, 2020, at which point Defendant was arrested on the Bench Warrant. (Return of Warrant Service, Feb. 21, 2020). Defendant was subsequently arraigned on February 26, 2020 and March 4, 2020. (Min. Entry, Feb. 26, 2020); (Min Entry, Mar. 4, 2020).

On December 15, 2020, Defendant filed the instant Motion to Dismiss, seeking to dismiss the charges against him "in light of the Government's unreasonable delay in prosecution, as well as on *de minimus* grounds." (Motion at 1). The People filed their Opposition on January 8, 2021.

The Court held a hearing on January 20, 2021. After hearing the arguments of the parties, the Court took the matter under advisement. (Min. Entry, Jan. 20, 2021).

## DISCUSSION

I. **Defendant's Speedy Trial Rights Have Not Been Violated, And Do Not Warrant Dismissal**

The Sixth Amendment right to a speedy trial attaches "upon the filing of a complaint in misdemeanor cases." *People v. Stephen*, 2009 Guam 8 ¶ 12. In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, the court shall consider the specific circumstances of the case. This includes: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) whether or not prejudice resulted from the delay." *Id.* ¶ 14.

Regarding the length of the delay, a complaint shall be dismissed when a defendant is not promptly arraigned within sixty (60) days of the filing of the complaint. (*People v. Rasauo*, 2011 Guam 14 ¶ 1. Here, the delay between the February 26 & March 4, 2020 arraignment was roughly eight years following when the charges were brought in January 2012. Normally this would justify dismissal of the complaint unless good cause can be shown. Id.

However, there exists good cause justifying the reason for the delay. Magistrate Judge Alberto E. Tolentino issued a bench warrant on March 7, 2012, which stated "reasonable and diligent attempts were made by the Deputy Marshal to personally serve the defendant a copy of the Summons, but without any success." (Bench Warrant, Mar. 7, 2012). Any period of delay resulting from the absence or unavailability of the defendant

Decision and Order Denying Defendant's Motion to Dismiss
CM0097-12, *People of Guam v. Marcelino Ysaol*
Page 2 of 4

shall be excluded in computing the time within which an information or an indictment must be filed. (18 U.S. Code § 3161(h)(3)(A)). There is no delay attributable to the court or by prosecution because the delay was caused by Defendant and his own failure to appear. Thus, Defendant's speedy trial rights were tolled by his own absence.

Furthermore, allowing this motion to succeed would send the message that criminal Defendants can avoid answering to their charges by purposefully skipping their scheduled court hearings and waiting in hiding until enough time has passed. This is certainly not the message or takeaway the Court should give out.

## II. The Case Should Not Be Dismissed On *De Minimis* Grounds

Defendant argues that the case should also be dismissed on *de minimis* grounds, *i.e.*, in the interest of justice. Guam's *de minimis* prosecution statute provides the following, in relevant part:

> The Court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the Defendant's conduct:
> (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
> (c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense.

In determining whether an offense is truly "trivial" enough to warrant dismissal on *de minimus* grounds, the Supreme Court of Guam considers the following factors: (1) the circumstances surrounding the commission of the offense; (2) the existence of contraband; (3) the amount and value of property involved; (4) the use or threat of violence; and (5) the use of weapons. *Guam v. Perez*, 2004 Guam 4 ¶ 12.

Here, the circumstances surrounding the commission of the offense indicate this offense is by no means "trivial" enough to warrant a dismissal. The Defendant is charged with serious offenses that pose great danger to the community – Driving While Under the Influence of Alcohol and Driving While Under the Influence of Alcohol (BAC). The

Decision and Order Denying Defendant's Motion to Dismiss
CM0097-12, *People of Guam v. Marcelino Ysaol*
Page 3 of 4

manner in which Defendant allegedly committed the crime is also significant, as he was swerving down the roads at a high rate of speed and ultimately blew a 0.213 on the breathalyzer, more than two and a half times the legal limit. (Complaint, Jan. 25, 2012). This is exactly the type of harm sought to be prevented by both 16 G.C.A. §§ 18102(a) and 18102(b). As such, dismissal on *de minimus* grounds would be improper.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendant's Motion. The case will not be dismissed.

**IT IS SO ORDERED** this <u>Mar. 2, 2021</u>.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Dismiss
CM0097-12, *People of Guam v. Marcelino Ysaol*
Page 4 of 4